ACKERMAN  VS.  THE  HORICON  IRON  MANUFACTURING
COMPANY.

Where the amount of compensation to be paid to the owner of lands flowed by a mill dam, by reason of such flowage and for the right to flow the same, has been determined pursuant to the charter or law authorizing it to be erected and maintained, and the owner of such dam neglects to pay it, a court of equity has the power, and will at the suit of the land owner, interfere to abate the dam, if the owner of the dam will not pay the award.

The remedy of the land owner at law, upon the award or assessment where it remains unpaid, or in trespass for damages is inadequate, and he can only obtain full relief in a court of equity.

APPEAL from the Circuit Court for *Dodge* County.

The complaint in this action alleged in substance that the plaintiff was the owner in fee of certain lands in *Fond du Lac* county (describing them) on the 18th day of January, 1854, and that he was still the owner thereof, and that said lands are situated near to Rock river and above the mill dam of the defendant; that the defendant is a corporation created by an act of the legislature of Wisconsin, approved March 15, 1854, entitled " an act to incorporate the *Horicon Iron Manufacturing Company*," to which the plaintiff referred as a part of his complaint, and that since the 15th day of March, 1854, the defendant has maintained a dam across Rock river, by which means the waters thereof had been from that time to the time of the commencement of this action flowed back upon the lands of the plaintiff, so that about twenty-eight acres thereof were and ever since then had been and still were covered and flowed with water. That the defendant had no right or authority to flow the said lands other than that given by said act of the legislature, and that on or about the 16th day of May, 1860, in pursuance of the provisions of said act, the plaintiff endeavored to agree with the defendant as to the amount of compensation to be paid him for flowing, and that they were unable to agree on the subject, and that Eli Hooker, Satterlee Clark, and A. Scott Sloan were selected according to said act, as arbitrators to determine the matter. The complaint sets forth that they were sworn, and met after notice had been given to the parties, on the 30th day of July, 1860, at Waupun, in the county of Fond du Lac, heard the evidence and allegations of the parties and examined said matter submitted to them, and that afterward, on the 30th day of December, 1860, they made an award in writing signed by said Hooker and Sloan, but which Clark refused to sign, awarding to the plaintiff the sum

of eight hundred and eighty-four dollars and fourteen cents, to be paid by the defendant for flowing the said plaintiff's lands as aforesaid and for the right to flow the same, which award was delivered to the parties to the action, on the 15th, day of January, 1861, and that the defendant has not paid, nor tendered, nor offered to pay the same or any part thereof. The plaintiff prayed judgment for the costs of the action, and that the dam of the defendant might be abated and removed, and that a warrant might be issued according to the statute in such case made and provided, to abate and remove the same, and that the defendant might be perpetually enjoined and restrained from continuing the dam, and from erecting, maintaining or continuing the same after the same should be abated and removed, and for such further and other relief, &c. The defendant demurred to the complaint, for the following reasons: First, that the court had no jurisdiction of the subject of the action. Second, that the complaint did not state facts sufficient to constitute a cause of action. The demurrer, was overruled and the defendant had leave to answer the complaint on the payment of $10 costs within twenty days; and from this order the defendant appealed.

*C. Billinghurst & A. J. Fising,* for appellant.

1. The plaintiff has a complete remedy at law, and that as the complaint does not allege any demand of payment, or that execution has been issued and returned unsatisfied, or that the defendant is irresponsible or about to dispose of its property, it does not show any cause for the interference of a court of equity. The complaint shows merely that the plaintiff has an action at law for the amount of the award. 2. The utmost effect of the award is that of a mere liquidation of damages, and the plaintiff must bring his action, issue execution and have it returned unsatisfied before he can invoke the exercise of the equity powers of the court. 3. The court had no jurisdiction of the subject of the action. It was brought for an injury to real property in Fond du Lac coun-

ty, and was improperly instituted in Dodge county. R. S., chap. 123, sec. 1. The complaint does not allege that the place of business of the defendant is in *Dodge* county.

*J. M. Gillett*, for respondent.

1. Under sec. 4, chap. 123, R. S., the proper county for the trial of the action is Dodge county, and if the county named in the complaint is not the proper one the objection cannot be raised by demurrer. 2. The rights of the defendant under its charter are conditional. It acquired a right to flow the plaintiff's lands upon paying for them, and the land could not be taken until payment was made.

*By the Court*, COLE, J. The appellant demurred to the complaint in the court below, on two grounds. First, that the court has no jurisdiction of the subject matter of the action ; and, second, that the complaint does not state facts sufficient to constitute a cause of action. We think both grounds untenable.

In support of the first cause of demurrer, it is said, that while the complaint shows that the respondent obtained an award of $881.14 in his favor against the company, for damages resulting from the overflowage of his land, it does not allege any demand of payment; or that execution has been issued and returned unsatisfied ; or that the company is irresponsible, or about to dispose of its property ; or state any other matter for equitable interference. Therefore, it is claimed, the respondent's remedy at law is adequate and complete. This objection shows that counsel have entirely misapprehended the object and purpose of this action. It is not resorted to, as auxiliary to one for the collection of the award, or for the purpose of enforcing payment by a judgment in the suit. This is not its object. But it is an application to a court of equity, to interfere and abate a dam which occasions irreparable mischief or permanent injury to the property of the respondent. By means of the dam, it is alleged, the waters of Rock river over-

flow and cover about twenty-eight acres of his land, and therefore he asks that it be removed. If the company have no right to maintain the dam and overflow his land, we suppose there can be no doubt of the power of a court of equity to interfere and abate it. This is a well acknowledged head of equitable relief. *Sheldon v. Rockwell*, 9 Wis., 166; Angell on Watercourses, sections 444, 445, 446, *et seq.*, and cases cited in the notes. It is very clear that the respondent's remedy at law is not complete. Would an action for a mere trespass redress the mischief or afford relief? Obviously not. If the company is keeping up a dam in violation of the rights of the respondent, and to the permanent injury of his land, we know of no way in which he can obtain full relief except through the interposition of a court of equity. An action on the award would not certainly abate the dam. Neither would an execution, if the respondent could issue one on the award. The only question is, does the complaint present a ground for equitable relief? And this involves a consideration of the second ground of demurrer. The complaint shows that the respondent, before the commencement of this suit, instituted proceedings under the charter of the company, to obtain compensation for the damages resulting from the flowage of his land; that the arbitrators chosen for that purpose awarded him the sum of $884.14, which amount, it alleges, the company has not paid, nor offered to pay, and therefore, he asks that the dam be abated. We are really at a loss to know upon what principle of law or morals the company claims the right to overflow land not belonging to it, without paying the damages resulting from such flowage, according to its charter. This court sustained the validity of the charter of the company upon the same ground and for the same reason that it did the constitutionality of the general mill dam law. The decision affirming the validity of the latter enactment, we held, had become a rule of property which we did not feel at liberty to unsettle. But the principle of all decisions affirming such legislation is, that

a mode is provided for assessing damages resulting from the flowage of lands, and that when these damages are paid, compensation or indemnity is made for the property taken.   But we are not aware of any case where the pretension has been sustained, that a party might overflow the land of another *without* paying such damages as might be awarded therefor.   We have no desire to be the first court that establishes such a precedent. And the claim that is really made here, in view of the allegations of this complaint, that the company can keep up its dam and overflow lands not belonging to it, without paying such damages therefor as may be awarded by arbitrators or juries, is one not to be discussed in a government of law and constitutions.   The company may maintain its dam upon condition that it pays parties where lands are overflowed, such damages as may be awarded.   In other words, it must make compensation according to its charter, or take down its dam.   A citizen is not to be told when he comes into a court of equity asking relief from a permanent injury, or total destruction of the use of his property, that he should bring suit on the award, or issue execution and obtain compensation for his damages if he is able.   It is the duty of the company to pay the damages when they are ascertained and determined.   This duty is imposed upon it as well by its charter and the constitution, as by the principles of universal justice.   And if it does not make this compensation, it can claim no immunity from such relief as a court of equity may afford.

The order of the circuit court, overruling the demurrer to the complaint, is affirmed.